# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LIONEL REDDITT  #378368                                    CIVIL ACTION

versus                                                     NO. 06-1851

BURL CAIN, WARDEN                                          SECTION: R/6

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B) and ( C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. For the reasons that follow, it is recommended that C.A. No. 06-1851("R")(6) be dismissed with prejudice as without merit.

The record consists of five volumes, most with unnumbered pages. Volumes 1 and 2 contain the state court record in No. 01-2662, including pre-trial and post-trial motions for petitioner herein as well as his co-defendant, Prescott Smith; Volumes 3 and 4 contain pretrial motion hearing transcripts and trial transcripts for petitioner's two day trial; Volume 5 contains pleadings in the Louisiana State Supreme Court, including 2003-03-KO-3484 and 2005-KH-1795. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).

Petitioner, Lionel Redditt, filed this Petition for Writ of Habeas Corpus challenging the constitutionality of his confinement pursuant to 28 U.S.C. § 2254.[1] He is incarcerated at the Louisiana State Penitentiary at Angola, Louisiana, serving concurrent sentences of 40 years and 198 years, having been convicted of second degree kidnaping (count 1) and armed robbery (count 2) by a jury on May 29, 2002, in the 24th JDC in Jefferson Parish, docket #01-2662. Petitioner's sentence of 198 years on the armed robbery conviction was imposed on November 21, 2002, when he was found to be a second felony offender.

## I. FACTUAL BACKGROUND[2]

On the night of January 22, 2001, after having spent some time at the Rhythm City Nightclub in New Orleans, the victim, Raion Hill, drove with a female acquaintance to Denny's Restaurant in Gretna, near the Oakwood Shopping Mall. When he left the restaurant with his food order and walked to his vehicle, he was approached by two men, one of whom was the petitioner herein. The other man, his co-defendant Prescott Smith, put a gun to the victim's side and forced him into the rear seat of his own vehicle. Petitioner got into the driver's seat and Smith joined the victim in the back seat. The petitioner drove toward New Orleans over the

---

[1]This petition was prepared and filed by private counsel.

[2]The facts are taken from the opinion of the Louisiana Fifth Circuit Court of Appeal in <u>State v. Redditt</u>, 03-0354 (La. App. 5 Cir. 10/28/03) 868 So.2d 704, 706-07.

Mississippi River bridge, after which he and Smith switched seats. Smith proceeded to drive through New Orleans and exited at Claiborne Avenue. He drove to an Automated Teller Machine (ATM) on Elysian Fields Avenue. At the ATM, Smith attempted to withdraw cash, unsuccessfully, because the victim could not remember his personal identification number. Smith and petitioner put victim out of his vehicle near Brother Martin High School and left with the vehicle. The victim called the police from a nearby pay phone.

## II. **PROCEDURAL BACKGROUND**

On May 16, 2001, in the 24th JDC in Jefferson Parish, docket #01-2662, petitioner, along with a co-defendant, was charged by a bill of information with kidnaping/second degree (count 1) in violation of La.R.S. 14:44.1, and armed robbery (count 2) in violation of La.R.S. 14:64. Record ("R.") Volume ("V.") 1, p.26. Petitioner's trial was severed from his co-defendant's trial. Petitioner was tried before a jury on May 28 and 29, 2002. On May 29, the jury returned a verdict of guilty as charged on both counts. R. Vol. 1, p.54. On June 13, 2002, he was sentenced to 40 years imprisonment on count 1 and 50 years of imprisonment on count 2, to be served concurrently and without probation, parole or suspension of sentence. Id., p.56. He

did not timely appeal his conviction and sentence.[3]  On January 16, 2003, after a

hearing on the state's habitual offender bill of information, the trial court vacated his

sentence of 50 years on count 2, armed robbery, and imposed the sentence of 198

years without benefit of probation, parole or suspension of sentence.  Id., p. 74.

## State Appellate Process

On November 26, 2002, the trial court granted petitioner's application for post

conviction relief requesting reinstatement of his right to appeal.  Id., pp. 57-59.   On

December 16, 2002, the trial court denied his motion for new trial and judgment

notwithstanding the verdict at trial.  Id., pp. 92-93.  On February 10, 2003, the trial

court granted petitioner's motion to appeal and denied his motion for reconsideration

of his sentence.  Id., pp. 76-78.  On March 20, 2003, petitioner's application for a writ

of review was lodged in the Louisiana Fifth Circuit Court of Appeal.  Id., unnumbered

page.  The appellate court affirmed petitioner's conviction and sentence on October

28, 2003.  See State v. Redditt, 2003-KA-0354 (La.App. 5 Cir. 10/28/03), 868 So.2d

704; R. Vol. 1, unnumbered pages.

Petitioner, pro se, filed an application for a writ of certiorari in the Louisiana

Supreme Court for review of the judgment of the Fifth Circuit in 2003-KA-0354.  R.

---

[3]Pursuant to La.C.Cr.P. art. 914, petitioner had five days from the date of judgment or sentencing to appeal.  In 2003, the statute was amended substituting "thirty days" for "five days".  See La. Acts. 2003, No. 949, § 1, effective July 1, 2003.

Vol. 5.   The application is stamped as filed on December 19, 2003, postmarked December 2, 2003, but signed and dated on November 25, 2003.  Id.  The filing date is considered to be November 25, 2003.[4]  On April 8, 2004, the Supreme Court denied the writ application with one word: "Denied".   2003-KO-3484, R. Vol. 5, last page.

State Post Conviction Process

On March 24, 2005, petitioner's application for post conviction relief was filed in the trial court, but it appears to have been placed in the prison mailing system on March 21, 2005.[5]  R. Vol. 2; Vol. 5, unnumbered pages.  On March 29, 2005, the application was denied on the merits.  R. Vol. 2.  On April 19, 2005, the trial court granted petitioner's notice of intent to file an application for a writ of review in the Fifth Circuit, giving a return date of April 29, 2005.  R. Vol. 5.   On May 3, 2005, petitioner filed his application in the Fifth Circuit.  The appellate court denied the application on May 5, 2005, upon finding that "[o]n the presentation, the application discloses no error in the trial court's ruling of March 30, 2005, on relator's Application for Post Conviction Relief."   A letter provided by the Clerk of the

---

[4]The United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).

[5]The trial court's Order denying the application gives the filing date as March 24, 2005, but the application was signed by petitioner on March 19, 2005, and notarized in the penitentiary on March 21, 2005.  *See* n.4, *supra*.

Louisiana Supreme Court states that petitioner's application for a writ of review of the

Fifth Circuit's denial of his application for post conviction relief was metered on May

31, 2005, and stamped filed on July 6, 2005.[6]  R. Vol. 2.  On March 24, 2006, the

Supreme Court summarily denied the writ application, No. 2005-KH-1795, with one

word: "Denied".

Federal Habeas Petition

On April 10, 2006, petitioner's counsel filed a Complaint for Relief Pursuant

to 28 U.S.C. §2254 in federal court.  The complaint raised the following issues: (1)

that petitioner received ineffective assistance of counsel during pre-trial and trial

preparation in violation of the Sixth Amendment for failure to file motions to quash

based on improper venue and double jeopardy; and (2) that the petitioner is entitled

to an evidentiary hearing on his claims.

## III.  THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA)

comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §

2254.  The AEDPA applies to this petitioner because his petition was filed after the

AEDPA became effective on April 24, 1996.  Lindh v. Murphy, 117 S.Ct. 2056, 2060

(1997).  Pursuant to the AEDPA, the threshold questions in federal habeas review are

---

[6]*See* n.4, *supra*.  For federal habeas purposes, the filing date is considered to be May 31, 2005.

whether the petition is timely and whether the claims raised in the petition have been adjudicated on the merits in state court, that is, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997), *citing* 28 U.S.C. § 2254(b) and ( c); Coleman v. Cain, 2006 WL 2589215, *4 (E.D.La. 09/05/2006).

A petitioner is generally required to bring a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 within one year of: (A) the date the conviction is final; (B) the date on which an impediment to filing an application created by state action is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (D) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D), as amended by AEDPA. The one year limitation is tolled during the periods that a properly filed petition for post-conviction relief or other collateral review is pending in state courts. 28 U.S.C. § 2244(d)(2); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). In Williams v. Cain, 217 F.3d 303, 307 (5th Cir. 2000), the Fifth Circuit observed that "courts have consistently held that an application is not 'properly filed' if it fails to meet a filing deadline clearly established in state law." Id. (citations omitted). Citing "concern for comity", it further explained that "the plain language of section 2244(d)(2) requires a properly filed state

application to meet clear time limitations." Id., at 307-08; Armstrong v. Cain, 2008 WL 3876408 *6 (E.D.La. 8/20/08).

## A.  Is the Federal Habeas Petition Timely Filed?

Petitioner's federal habeas petition does not address the issue of timeliness of the filing. The state's response to the federal habeas petition concedes that the petition appears to have been timely filed. The necessary questions to determine whether the petition was timely filed are (1) when did petitioner's conviction become final, and (2) was the statutory limitation period tolled, and if so, for how long.

*1) When did petitioner's conviction and sentence become final*?

The statutory limitation period applicable to this petition is found at 28 U.S.C. § 2244(d)(1)(A), which starts the limitation period on the day the petitioner's conviction became final. Petitioner had one year, or 365 days, from the date his conviction became final in which to file his federal habeas petition. Federal law determines when a judgment is final for federal habeas purposes. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008), *citing* Foreman v. Dretke, 383 F.3d 336, 338-39 (5th Cir. 2004). Pursuant to 28 U.S.C. § 2244(d)(1)(A), when a habeas petitioner has pursued relief on direct appeal through the state's highest court, a conviction that has become final pursuant to La.C.Cr.P. art. 922 is considered final for purposes of 28 U.S.C. § 2254 when the time expires for a defendant to seek certiorari at the United States

Supreme Court, i.e., ninety days after the decision of the Louisiana Supreme Court on direct appeal is final.  Butler, 533 F.3d at 317, *citing* Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003);  Johnson v. Cain, 2000 WL 14688, *1 (E.D.La. 2000), *citing* Ott v. Johnson, 192 F.3d 510, 511 (5th Cir. 1999).[7]

Petitioner was convicted on May 29, 2002, after a two day jury trial.  He did not timely appeal, so his conviction would have been final five days after his conviction, on June 3, 2002.   However, on November 26, 2002, the trial court reinstated his right to appeal, which resets the start date of the limitation period.  Jiminez v. Quarterman,  ___U.S. ___, 129 S.Ct. 681, 686-87, 172 L.Ed.2d 475 (2009) (When a state court grants a criminal defendant an out-of-time appeal, the judgment becomes final for purposes of § 2244(d)(1)(A) at the conclusion of direct review or the expiration of the time for seeking such review.)  On February 10, 2003, the trial court granted petitioner's motion to appeal.  Petitioner filed a timely application for a supervisory writ in the Louisiana Fifth Circuit Court of Appeals, 2003-KA-0354, which was denied on the merits on October 28, 2003.  State v. Redditt, 868 So.2d 704

---

[7]If the appeal process stops prior to reaching the Louisiana Supreme Court, the conviction becomes final when the time to pursue the next step in direct review expires.  Butler at id., *citing* Roberts, 319 F.3d at 694; *see also* McGee v. Cain, 104 Fed.Appx. 989, 991 (5th Cir. 2004), *citing* Roberts, id.; Armstrong, 2008 WL 3876408 *6 (the Fifth Circuit "has made clear that a late filed Louisiana Supreme Court writ application does not act to continue the direct appeal process and therefore does not bear on the finality of a conviction.")  The district court must then look to state law to determine how long a petitioner has to pursue a direct appeal.  Butler at id., *citing* Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006).

(La.App. 5 Cir. 10/28/03). Petitioner's timely application for a writ of certiorari in the Louisiana Supreme Court , 2003-KA-3484, was summarily denied on April 8, 2004. His petition became final ninety days later, on July 7, 2004, when the time expired for filing a writ of certiorari in the United States Supreme Court. His federal petition was not filed until April 10, 2006.

*2) Was the one year limitation period tolled?*

The federal habeas limitation period is tolled while a properly filed application for post conviction relief or other collateral review is pending in state courts. 28 U.S.C. § 2244(d)(2). Petitioner filed his application for post conviction relief in the trial court on March 21, 2005. The limitation period ran untolled from July 8, 2004, the day after his conviction became final, until he filed his application for state post conviction relief on March 21, 2005, a total of 256 days. The trial court denied relief on March 30, 2005. Pursuant to Rule 4-3 of the Uniform Rules of Courts of Appeal, in criminal cases a petitioner intending to apply for a supervisory writ has thirty days from the date the ruling at issue was signed in which to do so. That rule also provides that "[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period." The return date for the supervisory writ application was April 29, 2005. Petitioner signed and dated

his application to the Louisiana Fifth Circuit on April 28, 2005, presumably tendering the application to his prison custodian on that date. The Fifth Circuit shows the stamped filing date of May 3, 2005. Giving Redditt the benefit of Louisiana's prison mailbox rule, as discussed in <u>Causey v. Cain</u>, 450 F.3d at 606-07, his writ application is considered timely filed and tolling continued until May 5, 2005 when the Fifth Circuit denied petitioner's writ application.

Pursuant to Louisiana Supreme Court Rule X(a), petitioner then had thirty days from May 5, 2005, to apply for a supervisory writ in that court. His writ application was timely filed on May 31, 2005. The federal limitation period was tolled until March 24, 2006, when the Louisiana Supreme Court denied petitioner's application. He filed his federal habeas writ on April 10, 2006, after another 17 days of the limitation period ran, for a total of 273 days. Petitioner's federal habeas petition is timely.

**B.  <u>Has Petitioner Exhausted his Federal Habeas Claims?</u>**

In its response to the federal habeas petition, the state argues that the petition contains an unexhausted claim and is subject to dismissal without prejudice as a mixed petition. The petition itself does not address the exhaustion issue, and petitioner filed no answer to the state's response claiming that his petition includes an unexhausted claim.

According to 28 U.S.C. § 2254(b)(1)(A), an applicant for federal habeas corpus relief must have exhausted the available state remedies. A federal habeas petition must be dismissed if any issue raised has not been exhausted in state courts. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 102 S.Ct. 1198 (1982); Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991). The exhaustion doctrine requires that state courts be given the initial opportunity to address, and if necessary, correct alleged deprivations of federal constitutional rights. 28 U.S.C. § 2254(b)(1)(A); Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981); Satterwhite v. Lynaugh, 886 F.2d 90, 92 (5th Cir. 1989). For a claim to be exhausted, the substance of the federal habeas claim must have been fairly presented to the highest state court in a procedurally proper manner. Rose v. Lundy, *supra*, 102 S.Ct. at 1202; Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988), *citing* Carter v. Estelle, 677 F.2d 427, 442 n.10 (5th Cir. 1982) (citations omitted); Lott v. Miller, 2007 WL 861149, *7 (E.D.La. March 19, 2007), *citing* Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998)(citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Lott, 2007 WL 861147, id., *citing* Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420); Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001).

In this federal habeas petition, the issues presented were (1) that the petitioner received ineffective assistance of counsel during pretrial and trial preparation in violation of the Sixth Amendment because of (a) counsel's failure to file a motion to quash based on improper venue and (b) counsel's failure to file a motion to quash based on double jeopardy. Complaint for Relief Pursuant to 28 U.S.C. §2254, p. 1. However, in the body of the Complaint, petitioner argues that "his attorney's actions, especially his inadequate preparation for trial, led to petitioner's conviction and sentences". Complaint, p. 4. He asserts that counsel's failure to adequately investigate a defense amounts to ineffective assistance of counsel, that counsel's pretrial preparation was "woefully inadequate", and that this "unreasonable behavior prejudiced the petitioner" because it led to his conviction and sentence. Id., p. 5. He also requested an evidentiary hearing on his claims.

In 2003-KO-3484, petitioner presented four claims to the Louisiana Supreme Court during his appellate process. He claimed that the trial court violated his constitutional rights when it failed to grant his motion to suppress his statements/confession; that the statements/ confession were inadmissible because they were induced by a promise made by the investigating officer at interrogation; that the trial court failed to grant his motion to suppress evidence gathered as a result of a search warrant that was based on his "illegally constituted" confession; and finally,

that the 198 year sentence was excessive. Application for Writ of Certiorari to Review the Judgement of the Court of Appeals Fifth Circuit No. 2003-KA-0354, R. Vol. 5. None of the claims are asserted in his federal habeas petition.

In 2005-KH-1795, petitioner presented two claims to the Louisiana Supreme Court in his application for a writ of review from the appellate court's denial of his application for post conviction relief. Application for Writ of Certiorari from the Fifth Circuit in 05-KH-469, R. Vol. 5. He claims that his counsel was ineffective as counsel failed to file a pre-trial motion to quash the bill of information for improper venue because he was charged with armed robbery in Jefferson Parish when the elements of the armed robbery, the taking of the victim's car and other valuables at gunpoint, occurred in Orleans Parish. He next claims his counsel was ineffective because he failed to file a pre-trial motion to quash the bill of information on the grounds of double jeopardy because both charged offenses, the armed robbery and second degree kidnaping, arose from the same criminal conduct. He also argues that the trial court erred when it did not conduct an evidentiary hearing regarding his claims. At page 6 of petitioner's application, he states that "in petitioner's case at hand", he " 'did not' contest his trial counsel's performance but rather, his unreasonable pretrial errors of not filing the motion[s] to quash at question." Not only did petitioner not present his claim and argument regarding inadequate pretrial

investigation and trial preparation to the Louisiana Supreme Court, he expressly denied that he was making such a claim to that Court. This claim, to the extent that it is distinct from his claims regarding failure to file the motions to quash, has not been exhausted.

A petition containing both exhausted and unexhausted claims is a "mixed petition". Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 2447, 159 L.Ed.2d 338 (2004), *quoting* Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998). The AEDPA authorizes a district court to *deny* relief on an unexhausted claim, Alexander, 163 F.3d at 908, *citing* Nobels v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998), but a district court may not *grant* such relief absent an express waiver by the state of the exhaustion requirement. 28 U.S.C. § 2254(B)(3). Such "mixed petitions" may be dismissed, leaving the petitioner with the choice of returning to state court to exhaust his unexhausted claims, or to amend his petition to dismiss the unexhausted claims and present only the exhausted claims to the court. Id.

In the interests of judicial efficiency and under the authority granted by §2254(b)(2), this Report and Recommendation will address the merits of all of petitioner's claims, including those that are unexhausted. For the following reasons,

the court finds that all of petitioner's claims are without merit.

## IV. AEDPA STANDARD OF REVIEW

In <u>Williams v. Taylor</u>, 120 S.Ct 1495, 1523 (2000), the United States Supreme

Court articulated the appropriate standard of review for federal habeas petitions

pursuant to the AEDPA as follows:

> Under 2254(d)(1), the writ may issue only if one of the
> following two conditions is satisfied - the state-court
> adjudication resulted in a decision that (1) "was contrary to
> ... clearly established Federal law, as determined by the
> Supreme Court of the United States," or (2) "involved an
> unreasonable application of ... clearly established Federal
> law as determined by the Supreme Court of the United
> States."

<u>Williams</u>, 120 S.Ct. at 1523.      In <u>Martin v. Cain</u>, the Fifth Circuit explained the

Supreme Court's interpretation of this standard as follows:

> A state court decision is "*contrary to*" clearly established
> Supreme Court precedent if the state court: "applies a rule
> that *contradicts* the governing law set forth in [Supreme
> Court] cases"; or "confronts a set of facts that are
> *materially indistinguish-able* from a decision of [the
> Supreme] Court and nevertheless arrives at a *result
> different* from [Supreme Court] precedent. *Id.* at 1519-20
> (emphasis added). On the other hand, a state court decision
> falls within the "unreasonable application" clause when it
> *unreasonably* applies Supreme Court precedent to the facts.
> *Id*. at 1521.

<u>Martin</u>, 246 F.3d 471, 476 (5th Cir. 2001) (emphasis in original), *citing* <u>Williams</u>, 120

S.Ct. at 1519-21.

In this case, the trial court did not apply a rule that contradicts the governing law set forth in Supreme Court cases, nor did it arrive at a result different from Supreme Court precedent based on a set of materially indistinguishable facts. Accordingly, this Court's focus is on whether it unreasonably applied Supreme Court precedent to the facts of this case. The AEDPA further codified the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(2); Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997), *overruled in part of other grounds*, Lindh v. Murphy, 117 S.Ct. 2059 (1997); Carter v. Johnson, 110 F.3d 1098, 1103 (5th Cir. 1997).

## V. ANALYSIS

Petitioner claims that his trial counsel was ineffective in three respects: (1) because he failed to file a pretrial motion to quash based on double jeopardy; (2) because he failed to file a pretrial motion to quash based on improper venue; and (3) because he failed to adequately investigate petitioner's defenses and failed to adequately prepare for trial.

The standard for reviewing ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). As explained by the Supreme Court in Williams v. Taylor, the two part Strickland test is as follows:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, [466 U.S.] 687, 104 S.Ct. 2025.

To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2025. To establish prejudice he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2025.

Williams, 120 S.Ct. at 1511-12.

1. Failure to File a Pretrial Motion to Quash Based on Double Jeopardy

Petitioner was convicted of the second degree kidnaping of Raion Hill, a violation of La.R.S. 14:44.1(A)(5), (B)(1), and the armed robbery of Hill, a violation of La.R.S. 14:64. He argues that because both offenses arose from the same factual events, prosecution for both offenses amounts to double jeopardy. He is mistaken.

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). "The same-elements test ... inquires whether each offense contains an element not contained

-18-

in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution.  United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).  Although a claim of double jeopardy is usually raised in a pretrial motion to quash, it may be raised at any time, but only once.  State v. Freeman, 577 So.2d 216, 219 (La.App. 1 Cir. 1991), *citing* La.C.Cr.P. arts. 532(a) and 594*, writ denied*, 91-0819 (La. 5/24/91), 580 So.2d 668.

The pertinent sections of the statute define second degree kidnaping as the (1) "forcible seizing and carrying of any person from one place to another" (2) "when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon."  La.R.S. 14:44.1(A)(5), (B)(1). The pertinent section of the armed robbery statute defines that offense as "the taking of anything of value belonging to another from the person of another or that is the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64.  While both offenses require the use of, or the threat of the use of, force and a dangerous weapon, second degree kidnaping requires that the offender forcibly seize and carry the victim from one place to another.  This is not an element of the offense of armed robbery, which requires the taking of anything of value from another.   Petitioner's prosecution for both offenses does not amount to double jeopardy.  *See* Freeman, at 220 (Entry of the building without permission with the

intent to commit a felony or theft therein completed the offense of simple burglary, and the taking of two vehicles (with an intent to permanently deprive) completed the offense of theft of over $500.00 or more, so the claim of double jeopardy was without merit.)  As there was no reason to file such a motion, counsel's failure to file a pretrial motion to quash based on double jeopardy was objectively reasonable, and petitioner has not shown that he suffered any prejudice as a result.

2. <u>Failure to File a Pretrial Motion to Quash Based on Improper Venue</u>

Petitioner argues that the armed robbery occurred at an ATM machine in Orleans Parish, where Raion Hill was put out of his car, therefore Jefferson Parish was the wrong venue for his prosecution for that offense.  He is again mistaken.

The statute governing venue, La.C.Cr.P. art 611, provides in pertinent part as follows:

> All trials shall take place in the parish where the offense has been committed, unless the venue is changed.  If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred. ...

Petitioner and his co-defendant first approached the victim in Jefferson Parish, where, at gunpoint, they took control of his vehicle when they forced him into the back seat.  Clearly, the petitioner initially took something of value from the victim by force in

Jefferson Parish, then continued the crime into Orleans Parish. As elements of the offense occurred in both Jefferson and Orleans Parishes, venue was proper in either parish. As there was no factual support for such a motion, petitioner cannot show that his counsel's failure to move to quash the bill of information based on improper venue was objectively unreasonable, nor has he shown that he was prejudiced by the failure to file the motion to quash. This claim is without merit.

3. <u>Failure to Adequately Investigate Defenses and Prepare for Trial</u>

Finally, petitioner argues that his counsel was ineffective because he failed to adequately investigate petitioner's defenses and failed to adequately prepare for trial. Petitioner offers no facts and points to no specific instances of counsel's failure to investigate possible defenses or to prepare for trial (other than his failure to file the motions to quash), but offers only rhetoric in support of his argument.

In the last reasoned state court judgment addressing petitioner's exhausted claims of ineffective assistance of counsel, on March 30, 2005, the state district court looked to <u>State v. Strahan</u>, 325 So.2d 231 (La. 1975) for guidance in its analysis of a that claim. In <u>Strahan</u>, the defendant complained on appeal that he had been denied effective assistance of counsel at trial because counsel did not file pretrial motions to suppress certain evidence used at trial. <u>Id.</u>, p. 233. The Louisiana Supreme Court observed that no claim was made that the searches and seizures were not based on

valid consent or a validly issued search warrant, so there was no apparent reason to prompt trial counsel to file a motion to suppress.  Id.  The defendant also argued that his counsel was ineffective because of his failure to "adequately question alibi witnesses, properly investigate the case, make an opening statement, have defendant take the stand, request particular special charges, and object to certain questions asked of witnesses at trial...."   The Louisiana Supreme Court disagreed, stating "[t]hese charges are either leveled at decisions made by counsel during the heat of trial, the correctness of which cannot be determined by hindsight, or the validity of which is not evident from the record."  Id.   As the district court noted in its opinion, and as an examination of the record shows:

> A review of the record reveals that defendant was represented by two attorneys.  Six (6) pre-trial motions were filed on defendant's behalf including: Motion to Suppress Identification, Motion to Suppress 1st Statement and 2nd Statement, Motion to Suppress 3rd Statement, Motion to Suppress Identification, Motion for Preliminary Hearing, and Motion to Suppress Evidence obtained by Search Warrant.

 R. Vol. 2; *see also* R. Vol. 1, motions.  The trial court held two pretrial motion hearings, on February 28 and March 14, 2002, regarding the motions to suppress identification, statements and evidence obtained by a search warrant.  The hearings resulted in over 100 transcript pages of testimony, during which counsel for petitioner was fully involved in direct and cross examination of several witnesses, exhibiting a

detailed knowledge of the facts, evidence and law. That the defense motions to suppress were not successful does not render counsel's assistance ineffective. *See* State v. Redditt, 2003-KA-0354 (La.App. 5 Cir. 10/28/03), 868 So.2d 704*;* R. Vol. 3, transcripts of pretrial motion hearings. Petitioner has not offered any evidence to show that counsel's pretrial investigation and preparation were inadequate, or that counsel's representation was less that objectively reasonable. Neither has he shown that the state court unreasonably applied Supreme Court precedent to the facts of this case.

4. Petitioner is not entitled to an evidentiary hearing

Section 2254(e)(2) provides that an evidentiary hearing is appropriate only when a petitioner shows that the claim relies on (1) a new, retroactive rule of constitutional law that was previously unavailable, or (2) a factual basis that could not have been discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. Petitioner herein has made no such showing and the record is more than sufficient. Petitioner is not entitled to an evidentiary hearing.

## VI. **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that Lionel Redditt's

petition for issuance of a Writ of Habeas Corpus, C.A. No. 06-1851, filed pursuant to Title 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as his claims are without merit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10)days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___25th___ day of _____March_____, 2009.

_____
United States Magistrate Judge
Louis Moore, Jr.